UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOHN PETRUCELLI,

                Plaintiff,

-against-

DENNIS W. HASTY (Warden), TODD BAILEY,
and UNKNOWN STAFF MEMBERS,

                Defendants.
----------------------------------------------------------------X

**MEMORANDUM AND ORDER**

05-CV-2002 (DLI)

DORA L. IRIZARRY, U. S. District Judge:

      Plaintiff, John Petrucelli, a federal prisoner, brings this pro se action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging that his procedural due process rights were violated in 2002 when he was placed in administrative segregation at the Metropolitan Detention Center in Brooklyn ("MDC"). Plaintiff's request to proceed in forma pauperis is granted. For the reasons set forth below, plaintiff is directed to amend his complaint within sixty (60) days in accordance with this Order.

Background

      According to allegations in plaintiff's complaint, the truth of which are assumed for purposes of this Order, plaintiff arrived at MDC on January 31, 2002. Upon his arrival, plaintiff was immediately placed in MDC's Special Housing Unit ("the SHU"), where he was "segregated from all other pre-trial inmates." Complaint at ¶ 10. Plaintiff alleges that he was "not given any notice or reason[s] as to why he was placed in special housing," id., and was never afforded a hearing or "the opportunity to advocate his cause" with respect to the conditions of his detention. Id. at ¶ 14.

      Plaintiff remained in the SHU for over 180 days. During that time, he was locked in a cell for 23 hours a day and deprived of various privileges – such as telephone and recreational privileges and access to the Law Library – accorded to pre-trial detainees in the general population. Plaintiff

alleges that the conditions of his confinement threw him into a "deep depression" and caused him "to suffer from anxiety." Id. at ¶ 13.

Plaintiff was ultimately released from the SHU sometime in August 2002. Id. at ¶ 2. However, plaintiff apparently did not file a grievance until September 15, 2004. Id. at ¶ 7. Plaintiff's complaint alleges that this grievance was "ultimately denied" by the Bureau of Prisons ("BOP") on February 15, 2005, id., but does not indicate the basis on which his grievance was denied or allege whether he appealed to BOP's Regional Director and General Counsel. In addition, plaintiff's complaint does not state what, if any, efforts were made to administratively challenge plaintiff's segregation prior to September 2004 or why plaintiff failed to file a grievance at an earlier date.[1]

Plaintiff now brings this <u>Bivens</u> action against MDC Warden Dennis W. Hasty, MDC employee Todd Bailey and "Unknown Staff Members," alleging that defendants' acts or omissions violated his procedural due process rights. Plaintiff's complaint, however, does not allege what these defendants did or failed to do to deprive plaintiff of procedural due process. Indeed, the only mention of any of the defendants in the body of the complaint is as follows:

> Defendants Dennis W. Hasty (Warden), Todd Bailey, and other Staff Members were at all relevant times employed at the Metropolitan Detention Center charged with the responsibility for operating and maintaining the detention of Persons within the Eastern District of New York.

Id. at ¶ 4.

---

[1] This Court notes that the docket sheet for <u>United States v. Petrucelli</u>, No. 02-cr-0099 (TPG) – the Southern District criminal case on which plaintiff was detained at the times relevant to this action – indicates that plaintiff's counsel contested the conditions of plaintiff's confinement in federal court. However, the docket sheet, which states only that plaintiff's "application to be removed from administrative detention and placed in [a] less restrictive confinement" was adjourned <u>sine die</u> on April 1, 2002, does not indicate whether Judge Griesa ever ruled on the application.

2

Discussion

Title 28, section 1915A, of the United States Code requires this Court to review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... fails to state a claim upon which relief may be granted ...." 28 U.S.C. § 1915A(b); see Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam). Because plaintiff is proceeding pro se, his complaint must be read liberally and interpreted as raising the strongest arguments it suggests. See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend it. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

This case is brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which permits plaintiffs to sue federal officers for constitutional violations. "To state a claim under Bivens, a plaintiff must allege a deprivation of constitutional rights by defendants acting under color of federal law." Perez v. Hawk, 302 F.Supp.2d 9, 18 (E.D.N.Y. 2004). Federal officials cannot be held vicariously liable under Bivens for constitutional violations committed by their subordinates. Id. at 18-19; Khan v. United States, 271 F.Supp.2d 409, 413 (E.D.N.Y. 2003). Rather, "[p]ublic officials may be held responsible only to the extent that they caused the plaintiff's rights to be violated." Leonhard v. United States, 633 F.2d 599, 621 n. 30 (2d Cir. 1980), cert. denied, 451 U.S. 908 (1981).

In this case, plaintiff's complaint specifically alleges a deprivation of his procedural due process rights, but does not indicate how the defendants were involved in this deprivation. Thus, it is not clear whether plaintiff is alleging that Warden Hasty himself made the decision to segregate plaintiff, or that Hasty is vicariously liable for that decision. It is also not clear what position Todd Bailey holds at MDC or if he made any decisions with respect to plaintiff's segregation. Plaintiff must amend his complaint to clarify these ambiguities.

It is also unclear whether plaintiff, in naming "Unknown Staff Members" as defendants, is seeking to sue specific, unnamed individuals. If he is, plaintiff's complaint should list each individual as an enumerated "Doe" defendant (for example, "John Doe #1" or "Jane Doe #2") and should allege what each "Doe" defendant did or failed to do. Although plaintiff may not know the names of these "Doe" defendants, he must describe each defendant with sufficient particularity to permit service of the pleading upon that defendant. Plaintiff might be able to do so by, for example, providing the title the defendant held at MDC; a physical description of the defendant; or a description of the function that person performed and the specific date and time at which he or she performed it. If plaintiff is naming "Unknown Staff Members" simply to guard against the possibility that, during discovery or future proceedings, he may learn of the involvement of MDC employees other than Hasty and Bailey, there is no need to name "Unknown Staff Members" as defendants at this juncture.

In addition, it is unclear from the allegations in the complaint whether plaintiff timely grieved or otherwise administratively challenged his segregation. Title 42, section 1997e, of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although neither this statute nor any other provisions of the Prisoner Litigation Reform Act ("PLRA") defines the term "prison conditions," the Supreme Court has held that the exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes ...." Porter v. Nussle, 534 U.S. 516, 532 (2002). Therefore, before plaintiff can bring a due process claim regarding his placement in the SHU in federal court, he must first exhaust all available administrative remedies. Prisoners may not circumvent the exhaustion requirement by waiting until such remedies are time-barred and therefore unavailable. Giano v. Goord, 380 F.3d 670, 678 (2d Cir. 2004).

In this case, plaintiff's complaint suggests that plaintiff may not have filed a timely grievance. The procedure for exhausting administrative remedies in federal Bureau of Prison facilities, set forth in 28 C.F.R. § 542.10 et seq., requires that an Administrative Remedy Request be submitted within "20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a). Although the docket sheet from plaintiff's criminal case indicates that defense counsel made an application to the trial court in April 2002 regarding the circumstances of plaintiff's detention, there is nothing to suggest that plaintiff made any effort to administratively challenge his segregation until September 2004 – more than two years after he was released from the SHU. Accordingly, in amending his complaint, plaintiff should clarify whether he, or anyone working on his behalf, made an effort to administratively challenge his segregation prior to September 2004 and, if not, why he waited more than two years to file a grievance.

Conclusion

Plaintiff shall have sixty (60) days from the date of this Order to file an amended complaint that complies with this Order. The amended complaint must be captioned, "Amended Complaint," and bear docket number 05-CV-2002 (DLI). No summons shall issue at this time and all further proceedings shall be stayed for sixty (60) days. If plaintiff fails to amend his complaint within sixty (60) days as directed by this Order, this Court may dismiss plaintiff's complaint pursuant to 28 U.S.C. § 1915A(b). The Court certifies pursuant to 28 U.S.C. §1915 (a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
August 21, 2005

DORA L. IRIZARRY
United States District Judge