IN THE UNITED STATES DISTICT COURT

FOR THE

SOUTHERN DISTRICT OF NEW YORK


JOHN PETRUCELLI,

      Plaintiff,


vs.                  No. <u>05-CV-2002</u> (DLI)

                        Judge Dora L. Irizarry


WARDEN DENNIS W. HASTY,
M.D.C. LEGAL COUNSEL TODD BAILEY,

      Defendants.


<u>MOTION FOR LEAVE TO AMEND PLAINTIFF'S</u>
<u>PENDING 28 U.S.C. §1331 ACTION</u>

    NOW COMES the plaintiff John Petrucelli, in pro se, who respectfully requests leave to amend pursuant to Memorandum Order handed down by the Court on August 9, 2005. EXHIBIT A.

<u>JURISDICTION AND VENUE</u>

    1. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331(3)(4). The matters in controversy are under 42 U.S.C. §1983.

    2. Venue properly lies in this District under 21§1391(b)(2) because the events giving rise to this cause of action occurred at "M.D.C." Metropolitan Detention Center located at 80 29th Street, Brooklyn, New York 11232.

-1-

U.S. DISTRICT COURT E.D.N.Y.

2005

BROOKLYN OFFICE

## PARTIES

3.  Plaintiff John Petrucelli is and was at all times relevant hereto, a prisoner in the custody of the "BOP" Bureau of Prisons.  At the time of the events relevant hereto, Petrucelli was incarcerated at "M.D.C." Brooklyn.  Petrucelli is currently incarcerated at Lewsiburg Penitentiary.

4. Defendant Dennis W. Hasty was all times relevant hereto, the warden of Metropolitan Detention Center Brooklyn.

5. Defendant Todd Bailey was, at all times relevant hereto, legal counsel for the Metropolitan Detention Center Brooklyn, representing Dennis W. Hasty in this matter.

## FACTS

6. On or about January 31, 2002, plaintiff was arrested and charged with one count of murder in aid of racketeering.

7.  After spending the entire day in a holding cell, plaintiff was the last prisoner assigned a housing cell, and then was taken to the SHU-Segregation housing unit.

8.  Plaintiff was arraigned on 02-01-01 and returned to the SHU even though indictment showed to be a proceedurally unavailable "capital offense".

9.  On April 1, 2002, Todd Bailey appeared in court representing M.D.C. Warden Dennis W. Hasty, and opposing the plaintiff's removal from the SHU.  He claimed that plaintiff was facing a "capital offense", allowing the warden to house plaintiff in segregation.  Program Statement 5270.07 1b.

-2-

10.  Todd Bailey claimed this matter must first be administratively exhausted before the Court could take subject matter jurisidction.

11.  Plaintiff filed all required "in-house" request forms (lengthly process) to no avail.  EXHIBITS B,C,D. Petitioner never received an offical reply to his BP11 to the National Office.  The board mysteriously claimed never to have received my request.  The time expired for filing another BP11 within twenty (20) days.

12. Plaintiff waited until September of 2004 to bring this claim for numerous reasons.

> A. Plaintiff challenged his administrative detention back in 2002, where he received the "run-around". EXHIBITS B,C,D.
>
> B. Plaintiff has been in the process of perfecting direct appeal and writ of certiorari as to the validity of his conviction, a time consuming process.
>
> C. Plaintiff was unawre that he could bring civil action against federal officers for constitutional violations until September 2004.  EXHIBIT E.
>
> D. Plaintiff who is untrained self-advocator, believed the "Bivens" action was governed under N.Y. State Law with a three (3) year statute of limitations on personal suits.

<u>COUNT ONE</u>

13. The placement of the plaintiff in the SHU by Warden

Dennis Hasty and M.D.C. legal counsel Todd Bailey caused for plaintiff to suffer from anxiety and deep depression, therefore preventing him to help prepare a proper legal defense.

14. The unreasonable confinement caused for plaintiff to depend solely on his attorneys, whose judgment and deficient strategy caused for plaintiff to be rushed to trial and not raise the jurisdictional argument of statute of limitations for a non-capital offense, something Warden Hasty and legal counsel Bailey misrepresented along with the U.S. Attorney's Office for the Southern District of New York. These actions by the defendants set the wheels into motion where plaintiff was herded into trial under an unlevel and unfair playing field. (A Fifth Amendment due process violation).

<u>COUNT TWO</u>

15. Placement of the plaintiff in the SHU for over 180 consecutive days by Warden Dennis Hasty and M.D.C. legal counsel Todd Bailey created a protected liberty interest in the absence of a notice hearing and assorted reviews that §541.22 requires.

WHEREFORE, plaintiff John Petrucelli prays for a judgment in his favor and damages in an amount sufficient to compensate him for the pain and mental anguish suffered by him due to the deliberate indifference and intentional misconduct of defendants, but in no event less than $500,000. Plaintiff incurred over $300,000. in legal fees and costs for his defense

and appeals.

DATED: 9/1/05

Respectfully submitted,

S/ _John Petrucelli_

JOHN PETRUCELLI
Pro Se Litigant
P.O. Box 1000
U.S. Penitentiary
Lewisburg, Pa 17837


## CERTIFICATE OF SERVICE

I, John Petrucelli, hereby certify that I served a true and correct copy of the foregoing Motion for Leave to Supplement upon the Court and parties to litigation and their attorney of record, by placing same in a sealed, postage prepaid envelope addressed to:

**Dennis W. Hasty, (Warden)**     **Todd Bailey**
**MDC Brooklyn**                  **MDC Brooklyn**
**80-29th Street**                **80-29th Street**
**Brooklyn, N.Y. 11232**          **Brooklyn, N.Y. 11232**

and deposited same in the United States Postal Mail at the United States Penitentiary Lewisburg.

Signed on this 1st day of Sept 2005,

S/ _John Petrucelli_

JOHN PETRUCELLI

-5-

EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JOHN PETRUCELLI,

                           Plaintiff,                    **MEMORANDUM AND ORDER**

        -against-                                        05-CV-2002 (DLI)

DENNIS W. HASTY (Warden), TODD BAILEY,
and UNKNOWN STAFF MEMBERS,

                           Defendants.
-------------------------------------------------------------x
DORA L. IRIZARRY, U. S. District Judge:

        Plaintiff, John Petrucelli, a federal prisoner, brings this pro se action pursuant to Bivens v.
Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging that his
procedural due process rights were violated in 2002 when he was placed in administrative
segregation at the Metropolitan Detention Center in Brooklyn ("MDC").  Plaintiff's request to
proceed in forma pauperis is granted.  For the reasons set forth below, plaintiff is directed to amend
his complaint within sixty (60) days in accordance with this Order.

Background

        According to allegations in plaintiff's complaint, the truth of which are assumed for purposes
of this Order, plaintiff arrived at MDC on January 31, 2002.  Upon his arrival, plaintiff was
immediately placed in MDC's Special Housing Unit ("the SHU"), where he was "segregated from
all other pre-trial inmates."  Complaint at ¶ 10.  Plaintiff alleges that he was "not given any notice
or reason[s] as to why he was placed in special housing," id., and was never afforded a hearing or
"the opportunity to advocate his cause" with respect to the conditions of his detention.  Id. at ¶ 14.

        Plaintiff remained in the SHU for over 180 days.  During that time, he was locked in a cell
for 23 hours a day and deprived of various privileges – such as telephone and recreational privileges
and access to the Law Library – accorded to pre-trial detainees in the general population.  Plaintiff

alleges that the conditions of his confinement threw him into a "deep depression" and caused him "to suffer from anxiety." Id. at ¶ 13.

Plaintiff was ultimately released from the SHU sometime in August 2002. Id. at ¶ 2. However, plaintiff apparently did not file a grievance until September 15, 2004. Id. at ¶ 7. Plaintiff's complaint alleges that this grievance was "ultimately denied" by the Bureau of Prisons ("BOP") on February 15, 2005, id., but does not indicate the basis on which his grievance was denied or allege whether he appealed to BOP's Regional Director and General Counsel. In addition, plaintiff's complaint does not state what, if any, efforts were made to administratively challenge plaintiff's segregation prior to September 2004 or why plaintiff failed to file a grievance at an earlier date.[1]

Plaintiff now brings this Bivens action against MDC Warden Dennis W. Hasty, MDC employee Todd Bailey and "Unknown Staff Members," alleging that defendants' acts or omissions violated his procedural due process rights. Plaintiff's complaint, however, does not allege what these defendants did or failed to do to deprive plaintiff of procedural due process. Indeed, the only mention of any of the defendants in the body of the complaint is as follows:

> Defendants Dennis W. Hasty (Warden), Todd Bailey, and other Staff Members were at all relevant times employed at the Metropolitan Detention Center charged with the responsibility for operating and maintaining the detention of Persons within the Eastern District of New York.

Id. at ¶ 4.

---

[1] This Court notes that the docket sheet for United States v. Petrucelli, No. 02-cr-0099 (TPG) – the Southern District criminal case on which plaintiff was detained at the times relevant to this action – indicates that plaintiff's counsel contested the conditions of plaintiff's confinement in federal court. However, the docket sheet, which states only that plaintiff's "application to be removed from administrative detention and placed in [a] less restrictive confinement" was adjourned sine die on April 1, 2002, does not indicate whether Judge Griesa ever ruled on the application.

2

Discussion

Title 28, section 1915A, of the United States Code requires this Court to review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... fails to state a claim upon which relief may be granted ...." 28 U.S.C. § 1915A(b); see Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam). Because plaintiff is proceeding pro se, his complaint must be read liberally and interpreted as raising the strongest arguments it suggests. See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend it. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

This case is brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which permits plaintiffs to sue federal officers for constitutional violations. "To state a claim under Bivens, a plaintiff must allege a deprivation of constitutional rights by defendants acting under color of federal law." Perez v. Hawk, 302 F.Supp.2d 9, 18 (E.D.N.Y. 2004). Federal officials cannot be held vicariously liable under Bivens for constitutional violations committed by their subordinates. Id. at 18-19; Khan v. United States, 271 F.Supp.2d 409, 413 (E.D.N.Y. 2003). Rather, "[p]ublic officials may be held responsible only to the extent that they caused the plaintiff's rights to be violated." Leonhard v. United States, 633 F.2d 599, 621 n. 30 (2d Cir. 1980), cert. denied, 451 U.S. 908 (1981).

3

In this case, plaintiff's complaint specifically alleges a deprivation of his procedural due process rights, but does not indicate how the defendants were involved in this deprivation. Thus, it is not clear whether plaintiff is alleging that Warden Hasty himself made the decision to segregate plaintiff, or that Hasty is vicariously liable for that decision. It is also not clear what position Todd Bailey holds at MDC or if he made any decisions with respect to plaintiff's segregation. Plaintiff must amend his complaint to clarify these ambiguities.

It is also unclear whether plaintiff, in naming "Unknown Staff Members" as defendants, is seeking to sue specific, unnamed individuals. If he is, plaintiff's complaint should list each individual as an enumerated "Doe" defendant (for example, "John Doe #1" or "Jane Doe #2") and should allege what each "Doe" defendant did or failed to do. Although plaintiff may not know the names of these "Doe" defendants, he must describe each defendant with sufficient particularity to permit service of the pleading upon that defendant. Plaintiff might be able to do so by, for example, providing the title the defendant held at MDC; a physical description of the defendant; or a description of the function that person performed and the specific date and time at which he or she performed it. If plaintiff is naming "Unknown Staff Members" simply to guard against the possibility that, during discovery or future proceedings, he may learn of the involvement of MDC employees other than Hasty and Bailey, there is no need to name "Unknown Staff Members" as defendants at this juncture.

In addition, it is unclear from the allegations in the complaint whether plaintiff timely grieved or otherwise administratively challenged his segregation. Title 42, section 1997e, of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

4

correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although neither this statute nor any other provisions of the Prisoner Litigation Reform Act ("PLRA") defines the term "prison conditions," the Supreme Court has held that the exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes ...." Porter v. Nussle, 534 U.S. 516, 532 (2002). Therefore, before plaintiff can bring a due process claim regarding his placement in the SHU in federal court, he must first exhaust all available administrative remedies. Prisoners may not circumvent the exhaustion requirement by waiting until such remedies are time-barred and therefore unavailable. Giano v. Goord, 380 F.3d 670, 678 (2d Cir. 2004).

In this case, plaintiff's complaint suggests that plaintiff may not have filed a timely grievance. The procedure for exhausting administrative remedies in federal Bureau of Prison facilities, set forth in 28 C.F.R. § 542.10 et seq., requires that an Administrative Remedy Request be submitted within "20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a). Although the docket sheet from plaintiff's criminal case indicates that defense counsel made an application to the trial court in April 2002 regarding the circumstances of plaintiff's detention, there is nothing to suggest that plaintiff made any effort to administratively challenge his segregation until September 2004 – more than two years after he was released from the SHU. Accordingly, in amending his complaint, plaintiff should clarify whether he, or anyone working on his behalf, made an effort to administratively challenge his segregation prior to September 2004 and, if not, why he waited more than two years to file a grievance.

<u>Conclusion</u>

Plaintiff shall have sixty (60) days from the date of this Order to file an amended complaint that complies with this Order. The amended complaint must be captioned, "Amended Complaint," and bear docket number 05-CV-2002 (DLI). No summons shall issue at this time and all further proceedings shall be stayed for sixty (60) days. If plaintiff fails to amend his complaint within sixty (60) days as directed by this Order, this Court may dismiss plaintiff's complaint pursuant to 28 U.S.C. § 1915A(b). The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this Order would not be taken in good faith, and therefore <u>in forma pauperis</u> status is denied for purpose of an appeal. <u>See Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       August 2, 2005

                                           DORA L. IRIZARRY
                                           United States District Judge

6

EXHIBT B

# WHITE & WHITE
## ATTORNEYS AT LAW

DIARMUID WHITE
diarmuid@whiwhi.com

BRENDAN WHITE
brendan@whwhi.com

148 EAST 78TH STREET

NEW YORK, NEW YORK 10021

TEL: (212) 861-9850

FAX: (212) 861-9870

March 11, 2002

Dennis W. Hasty, Warden
MDC Brooklyn
Brooklyn, NY 11232

Re: John Petrucelli, Inmate No. 52397-054

Dear Warden Hasty:

I represent John Petrucelli who is under indictment in the Southern District of New York. He was arrested on February 28, 2001, and ordered detained on March 1, 2001. Since that time he has been continuously housed in a Special Housing Unit in your facility. Neither he nor I know the basis for this treatment. The Assistant United States Attorney prosecuting his case has advised me that Petrucelli's special housing is not at the instance of the Government or the FBI, but is strictly a Bureau of Prisons determination. On three occasions Petrucelli has requested in writing–once on a BP9 form, twice on scraps of paper–to be advised of the basis for his special housing and has complained that it is not justified. He has received no official response to these requests. I note that Program Statement 5270.07(1)[b] provides that "[t]he Warden shall prepare an administrative detention order detailing the reasons for placing an inmate in administrative detention, with a copy to the inmate, provided institutional security is not compromised thereby."

On John Petrucelli's behalf, I object to his continued housing in the Special Housing Unit and request to be advised of the reasons therefor.

Very truly yours,

Diarmuid White

Attorney for John Petrucelli

EXHIBIT C

P.2

PETRUCELLI, JOHN
Reg. No. 52397-054
Appeal No. 264174-R2
Page One

## Part B - Response

In your appeal, you contend you have been in the Special Housing
Unit (SHU) at MDC Brooklyn for almost five months and you feel
your placement is unwarranted and punitive.  You request to be
placed in the general population.

An investigation into your appeal revealed you were placed in the
SHU due to security reasons.  Program Statement 5270.07, <u>Inmate
Discipline and Special Housing Units</u>, states the Warden may place
an inmate in administrative detention when the inmate's continued
presence in the general population poses a serious threat to
life, property, self, staff and other inmates or to the security
or orderly running of the institution, and is pending trial for a
criminal act.  As you are a pretrial detainee possibly facing the
death penalty, it has been determined that your release to the
general population would present a serious security risk.  We
concur with the Warden's sound correctional judgement to maintain
your present housing status.  Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the
General Counsel, Federal Bureau of Prisons.  Your appeal must be
received in the Administrative Remedy Section, Office of General
Counsel, Federal Bureau of Prisons, 320 First Street, N.W.,
Washington, D.C. 20534, within 30 calendar days of the date of
this response.

Date: May 28, 2002

M. E. RAY
Regional Director

# AFFIDAVIT

In spring of 2002, John Petrucelli wrote a letter while in solitary confinement at the New York City Municipal Detention Center to complain about his unlawful and restrictive incarceration. The Washington National Board claims to have no record of John's letter.

This affidavit is to confirm that I, Larry Bronson, Esquire, mailed John Petrucelli's letter of complaint to the Washington National Board in 2002.

_____                                    10/07/2004
Larry Bronson, Esquire                                      Date

Sworn to before me
this 7th day of October, 2004

NOTARY PUBLIC

ABRAHAM MELAMED
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02ME7888425
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES OCTOBER 31, 2006

**EXHIBIT D**

4

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) Mr. Hollanbach/ unit manager | DATE: 09-07-04 |
|---|---|
| FROM: JOHN PETRUCELLI | REGISTER NO.: 52397-054 |
| WORK ASSIGNMENT: athletic dept. | UNIT: two/ C. block |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

I John Petrucelli arrived at M.D.C. Brooklyn on 01/31/02 . I was placed in Special Housing Unit without being given any Reason, Notice, or Hearing. I was in S.H.U. for over 180 days, which severly hindered the prepreration of my defense for trial. I was denied access to the phone, law library, and other needs which were necessary to the preperation of my defense. For the above stated reasons, Dennis W. Hasty (Warden), Todd Bailey, and other Staff Members violated procedural due process and illegally deprived Petrucelli of his liberty intrest. Petrucelli seeks disciplinary action against Dennis W. Hasty (Warden), Todd Bailey, and all Staff Members involved in this matter, as well as monetary damages in the amount of Five Hundred Thousand Dollars ( $ 500,000.00 ).

(Do not write below this line)

DISPOSITION:

Please see attached

| Signature Staff Member Kathleen O'Callaghan | Date 9/24/04 |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

**RESPONSE TO INMATE REQUEST TO STAFF MEMBER**

September 24, 2004

PETRUCELLI, John
Reg. No. 52397-054
United States Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

Dear Mr. Petrucelli:

This is in response to your Inmate Request to Staff Member dated September 7, 2004, wherein you seek disciplinary action against several staff members at MDC Brooklyn and monetary damages in the amount of $500,000.00 (five hundred thousand dollars and 00/100). You state that you were placed in the Special Housing Unit (SHU) without "reason, notice, or hearing" and were denied access to the phone, law library and "other needs" necessary to the preparation of your defense.

According to Program Statement 1330.13, Administrative Remedy Program, you must complete an informal resolution and/or submit a formal written Administrative Remedy Request within 20 calendar days following the date on which the basis of the request occurred. The basis of your request concerns your housing assignment in SHU that commenced on February 1, 2002 and ended on July 30, 2002. This occurred well over 20 days prior to your submitting a request for resolution. Therefore, your request is denied.

Further, monetary damages are not awarded through the Administrative Remedy Program. In order to collect monetary damages a Tort Claim must be filed. However, this claim must be filed within two years after the claim accrues. Again, the basis of your claim occurred over two years ago, and therefore, you may not file a Tort Claim regarding this matter.

Sincerely,

Kathleen O'Callaghan
Paralegal Specialist
MDC Brooklyn

cc: Dean Hollenbach, Unit Manager, USP Lewisburg

RUHNKE & BARRETT
ATTORNEYS AT LAW

DAVID A. RUHNKE
    MEMBER N.J. AND NEW YORK BARS
    davidruhnke@ruhnkeandbarrett.com
JEAN DeSALES BARRETT
    MEMBER N.J. AND COLORADO BARS
    jeanbarrett@ruhnkeandbarrett.com

47 PARK STREET
MONTCLAIR, NEW JERSEY 07042
(973) 744-1000
FAX: (973) 746-1490

September 24, 2004

John Petrucelli, Reg. No. 52397-054
USP/Lewisburg
2400 Robert Miller Dr.
Lewisburg, PA 17837

Dear John:

I am enclosing, as we discussed during this morning's telephone conversation, my billing records from the death-penalty aspect of your case. It is highly, highly unusual for me to have spent so little time on a case involving potential application of the death penalty. As you know, I am considered a death-penalty expert and have handled dozens of state and federal capital cases. The reason your case received so little attention from me is that it was obvious from the very beginning that the circumstances of the homicide would not support any statutory aggravating factors and, therefore, the death penalty could never really be an issue.

This will also confirm that you are handling the *certiorari* petition on your own. We both understand what a longshot this is, but I wish you the best of luck with it.

When I get a chance, I will try to answer the questions you posed in your correspondence regarding *Blakely*. I have also enclosed a copy of the case we discussed. I will stay in touch.

Very truly yours,

David A. Ruhnke

DAR/vdc
C:\Petrucelli2\Client.21.wpd
encl.
cc:   Bernadine Petrucelli