UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOHN PETRUCELLI,

                Plaintiff,      **MEMORANDUM AND ORDER**

   -against-                              05-CV-2002 (DLI)

DENNIS W. HASTY (Warden), TODD BAILEY,
and UNKNOWN STAFF MEMBERS,

                Defendants.
-----------------------------------------------------------x
DORA L. IRIZARRY, U. S. District Judge:

Plaintiff, John Petrucelli, a federal prisoner, brings this pro se action alleging that his Constitutional rights were violated in 2002 when he was placed in administrative segregation by defendants at the Metropolitan Detention Center in Brooklyn ("MDC"). By order dated August 2, 2005, this Court granted plaintiff's request to proceed in forma pauperis, but directed plaintiff to amend his complaint to clarify the role the named defendants played in the decision to segregate plaintiff.

Instead of filing an amended complaint, plaintiff has filed a "Motion for Leave to Amend" his "Pending 29 U.S.C. § 1331 Action." This submission (hereinafter, "Motion") alleges that this Court "has jurisdiction over this action pursuant to 28 U.S.C. § 1331 ...," but also states, "The matters in controversy are under 42 U.S.C. § 1983." Motion at ¶ 1. The Motion identifies defendant Todd Bailey as "legal counsel" for MDC, id. at ¶ 5, and at least implies that both Bailey and Hasty jointly made the decision to segregate plaintiff. Id. at ¶ 13. The Motion also deletes any reference to "Unknown Staff Members" from the caption, thereby suggesting that plaintiff believes Hasty and Bailey were solely responsible for the decision to segregate him and is not currently attempting to sue other, unidentified employees of MDC.

Since this Court's prior order expressly directed plaintiff to amend his complaint, plaintiff obviously did not need to move for leave to amend. Accordingly, plaintiff's Motion is construed as plaintiff's amended complaint. In addition, since plaintiff cannot bring this action pursuant to 42 U.S.C. § 1983, which only provides relief against defendants who act under color of state – not federal – law, see, e.g., Perez v. Hawk, 302 F.Supp.2d 9, 18 (E.D.N.Y. 2004), this Court will construe this lawsuit as an action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). See Tavarez v. Reno, 54 F.3d 109, 109-10 (2d Cir. 1995) (opining that a district court properly construed a pro se §1983 action as a Bivens action); Daloia v. Rose, 849 F.2d 74, 75 (2d Cir. 1988) (construing a pro se §1983 claim as a Bivens action).

The United States Marshals Service is directed to serve defendants Hasty and Bailey and the United States Attorney for the Eastern District of New York with plaintiff's Motion, a summons, and a copy of this Order without prepayment of fees. See 28 U.S.C. §1915. This case is referred to Magistrate Judge Lois Bloom for pretrial supervision.

SO ORDERED.

DORA L. IRIZARRY
United States District Judge

Dated: Brooklyn, New York
October 17, 2005