UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JOHN PETRUCELLI, *pro se*,

                        Plaintiff,

                    -against-

DENNIS W. HASTY, TODD BAILEY,
DANIEL ORTIZ, SALVATORE LOPRESTI,
and WILLIAM MORAN,

                       Defendants.
------------------------------------------------------------ x

**SUMMARY ORDER**

05-cv-2002 (DLI)(LB)

**DORA L. IRIZARRY, United States District Judge:**

On March 25, 2009, this court dismissed plaintiff John Petrucelli's *Bivens* action against former Metropolitan Detention Center ("MDC") Warden Dennis W. Hasty, former MDC Legal Counsel Todd Bailey, former MDC Captain Salvatore LoPresti, and Daniel Ortiz and William Moran, two current MDC Lieutenants (collectively, the "defendants"). *See generally Petrucelli v. Hasty*, 605 F. Supp. 2d 410 (E.D.N.Y. 2009). Plaintiff claimed that defendants violated his Fifth Amendment due process rights by wrongfully detaining him for 180 days in the Special Housing Unit ("SHU") of the MDC in Brooklyn, New York. The court found that plaintiff had failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act, and further found that he "failed to demonstrate a procedural due process violation by defendants or that his confinement in the SHU was punitive rather than administrative." *Id.* at 430.

On April 10, 2009, plaintiff timely moved, pursuant to Local Civil Rule 6.3, for reconsideration of this decision, on the ground that the court had applied the wrong legal standard. (Mot. for Recons. at 3.) Specifically, plaintiff claims that the court should have applied the dismissal standard set forth in *Conley v. Gibson*, 355 U.S. 41 (1957), as opposed to the one set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). (Mot. for Recons. at 3.)

Furthermore, plaintiff claims that the court ignored a genuine issue of material fact—the specific date and time he was placed in the SHU—which should have precluded dismissal of his claim. (Mot. for Recons. at 4–5.) Finally, plaintiff claims that he was unable to "amplify his claims with factual allegations because the defendants failed to provide him with the necessary discovery material." (*Id.* at 5.) Because none of these arguments warrant reconsideration of the court's earlier decision, plaintiff's motion is denied.

## STANDARD OF REVIEW

The court liberally reviews *pro se* submissions "to raise the strongest argument that they suggest." *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003) (citations and internal quotations omitted). Motions for reconsideration are entrusted to the discretion of the court. *See McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). In addition, the moving party must demonstrate that the factual matters or controlling precedent overlooked by the court "were presented to it on the underlying motion." *In re New York Cmty. Bancorp, Inc., Sec. Litig.*, 244 F.R.D. 156, 159 (E.D.N.Y. 2007) (citation omitted).

Reconsideration can be justified by: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). However, a court's reconsideration of an earlier order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys.,*

*Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). Accordingly, reconsideration motions should not be granted where the moving party seeks solely to re-litigate an issue already decided. *See In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996) (holding that such a motion is not intended "to reargue those issues already considered when a party does not like the way the original motion was resolved.").

## DISCUSSION

It is well settled that newly-announced interpretations of law from the United States Supreme Court can apply retroactively. *See, e.g.*, *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 100 (1993); *Griffith v. Kentucky*, 479 U.S. 314, 323 (1987) ("[W]e fulfill our judicial responsibility by instructing the lower courts to apply the new rule retroactively to cases not yet final."). Indeed, in *Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007), *rev'd on other grounds*, *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Second Circuit applied the pleading standard that had just been altered by the Supreme Court's *Twombly* decision. *See* 490 F.3d at 155–58. It did so notwithstanding the fact that the case upon which it was ruling had been initiated *prior* to the *Twombly* decision. *See id.* at 143 (providing case filing dates from 2005); *see also Twombly*, 550 U.S. at 544 (providing decision date of May 21, 2007). This is the same procedural progression as the case at bar. Accordingly, plaintiff's argument that the defunct pleading standard from *Conley v. Gibson* should have been applied is without merit. Indeed, had the court applied *Conley*, it is defendants who would now have grounds for reconsideration due to "an intervening change of controlling law." *Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255.

Plaintiff's argument that the court overlooked a "genuine issue of material fact" is similarly unavailing. The issue in question—the exact date on which he arrived at the MDC—was squarely addressed in the court's prior decision. *See Petrucelli*, 605 F. Supp. 2d at 415 n.2

("[T]here is no doubt that he was taken to the MDC on January 31, 2002 based on the MDC records cited by defendants in their motion papers and plaintiff's original and second amended complaints."). Merely restating the contention that he instead arrived on January 29, plaintiff presents no new data "that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257; *see also Houbigant*, 914 F. Supp. at 1001; *Morser v. AT & T Info. Sys.*, 715 F. Supp. 516, 517 (S.D.N.Y. 1989); *Korwek v. Hunt,* 649 F. Supp. 1547, 1548 (S.D.N.Y. 1986), *aff'd* 827 F.2d 874 (2d Cir. 1987).

Plaintiff's final argument is that he was unable to amplify his claim with factual allegations due to a lack of discovery, which presumably would have enabled him to make a showing that he, in fact, was placed in the SHU on January 29, 2002. Again, such an attempt to re-litigate an issue already decided must fail. More importantly, plaintiff's focus on his inability to meet the pleading standard ignores the fact that the court considered, and rejected, the merits of his *Bivens* claim. *See Petrucelli*, 605 F. Supp. 2d at 423–30. Accordingly, "in the interests of finality and conservation of scarce judicial resources," the court exercises its discretion to deny the instant motion in its entirety. *Health Mgmt. Sys., Inc.*, 113 F. Supp. 2d at 614; *see also McCarthy*, 714 F.2d at 237. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      February 2, 2010

                                                /s/
                                          DORA L. IRIZARRY
                                    United States District Judge